SABERS, Justice
(dissenting on issue one).
[¶ 38.] The circuit court abused its discretion when it excluded Tosh’s expert witness, Dr. Gehm. While it concluded Tosh’s expert’s testimony was relevant, it viewed the expert unqualified to testify because he “had no experience regarding proper police interrogation and surveillance!.]” Supra ¶ 21. Because the circuit court and the majority opinion mistakenly view the expert’s qualifications too restrictively, we should reverse on issue one.
[¶ 39.] The majority opinion focuses on certain areas of Dr. Gehm’s curriculum vitae to conclude “Gehm’s education, training and experience were insufficient regarding the matters at issue.” Id. However, this focus results in the exclusion of Dr. Gehm’s experiences relevant to this case. While he may teach classes and write articles involving sentencing, prisons, victim-offender mediation and restorative justice, he also was a consultant for the South Dakota Law Enforcement Training Center. As a consultant, he assessed and established the eight-week Law Enforcement Basic Certification Course. Furthermore, he teaches classes entitled, “Policing in a Free Society,” “Advanced Topics in Policing,” and “Police Administration.” Finally, he was a reviewer for “Police Practice and Research: An International Journal.”
[¶40.] As a part of his past training and current readings, Dr. Gehm has read many law enforcement articles, publications, books, and journals. These include “Criminal Interrogation and Confessions by Inbau and Reid, The Techniques of Legal Investigation by Thomas Publications, The IACP, policy papers including ‘Interrogations and Confessions,’ ‘Standards of Conduct,’ ‘The Law Enforcement Code of Ethics,’ and ‘The Commission on Accreditation for Law Enforcement Agencies (GALEA)’ to include ‘Standards for' Law Enforcement Agencies!.]’ ” Many of these writings are the same writings the defense expert read and on which he based his opinion. Dr. Gehm has been called on in the past to testify as an expert in the area of criminal justice, is a professor of criminal justice and helped draft the curriculum used at the South Dakota Law Enforcement Training Center. To say that Dr. Gehm “had no experience regarding proper police interrogation and surveillance in any context” is simply not accurate. See id. (emphasis added).
[¶ 41.] The circuit court viewed Dr. Gehm’s qualifications to testify and the reliability of his testimony too restrictively. Daubert was intended to liberalize the admissibility of expert opinion testimony, keeping out only the “junk science.” See Burley, 2007 SD 82, ¶ 24 n. 4, 737 N.W.2d at 405-06 n. 4 (quoting Weisgram v. Marley Co., 169 F.3d 514, 523 (8thCir.1999) *433 aff'd, 528 U.S. 440, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000) (“Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony.”)); see also Arcoren v. United States, 929 F.2d 1235, 1239 (8thCir.1991) (the rule “is one of admissibility rather than exclusion”). Dr. Gehm’s opinions, based on the same writings and reference materials as the defense expert, cannot be labeled junk science. While circuit courts are to determine whether the expert testimony is “reliable” and “will assist the trier of fact,” the “trial courts are ‘gatekeepers,’ not armed guards.” The Honorable Janine M. Kern Scott R. Swier, Daubert, Kumho, and its Impact on South Dakota Jurisprudence: An Update, 49 SDL Rev. 217, 243 (2003-04). “[T]he standard for qualifying a witness as an expert is permissive and liberally construed.” Id. at 244.
[¶ 42.] Tosh had the burden of proving his expert’s testimony was admissible “by a preponderance of the evidence.” Burley, 2007 SD 82, ¶ 13, 737 N.W.2d 397, 403 (citing Daubert, 509 U.S. at 592 n. 10, 113 S.Ct. at 2796 n. 10, 125 L.Ed.2d 469 n. 10). SDCL 19-15-2 provides that a person “qualified as an expert by knowledge, skill, experience, training, or education may testify ... in the form of an opinion or otherwise. In other words, there is no requirement that the person actually be a [police officer] in order to be qualified to give [an] ... opinion.” In re T.A., 2003 SD 56, ¶ 26, 663 N.W.2d 225, 234. Dr. Gehm had experience in law enforcement training and techniques, through his training, reading and experiences consulting where he assessed, established and helped draft the curriculum for an eight-week Law Enforcement Basic Certification Course at the South Dakota Law Enforcement Center. These qualifications surely meet the “liberalized” standard of Daubert. Dr. Gehm’s qualifications go to the weight the jury gives to the evidence, but should not prevent his testimony from being presented to the jury. Tosh demonstrated Dr. Gehm’s testimony was relevant and reliable by a preponderance of the evidence and the circuit court abused its discretion when it excluded Dr. Gehm’s expert testimony.
[¶ 43.] Therefore, I dissent on issue one. I join the majority opinion in the other issues.[6]
[¶ 44.] MEIERHENRY, Justice, joins this dissent on issue one.

. If the trial court is affirmed on this issue, the trial court should be given another opportunity to get it right on retrial. Only then will the trial court be able to maintain an even playing field.